**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL ALEXANDER,

                Plaintiff,

                                                         Case No. 3:13-cv-1546-J-34JRK

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**I. Status**

Michael Alexander ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is due to "[a] back injury[,] depression[,] arthritis[,] fibromyalgia[,] high blood pressure[,] enlarged heart[,] osteoarthritis[,] rhumatoid[ ]arthritis[, and] degenerative disc diea[se]." Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed February 25, 2014, at 238 (capitalization and emphasis omitted). On March 3, 2010, Plaintiff filed the applications for DIB and SSI, alleging an onset disability date of August 1, 2007. Tr. at 195-96 (DIB), 197-200 (SSI). Plaintiff's applications were denied initially, see Tr. at 108, 112-14, 118 (DIB), 109, 115-17, 119 (SSI), and were denied upon reconsideration, see Tr. at 110, 121-22, 125 (DIB), 111, 123-24, 126 (SSI).

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections waives a party's right to de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a); see also Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).

On January 20, 2012, an Administrative Law Judge ("ALJ") held a hearing during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 77-107. On April 23, 2012, the ALJ issued a Decision finding Plaintiff not disabled and denying Plaintiff's claims. Tr. at 62-71. Plaintiff then requested review by the Appeals Council, Tr. at 56-57, and submitted evidence to the Council in the form of additional medical records and a memorandum authored by his attorney representative, Tr. at 5; see Tr. at 288-91 (memorandum). On October 16, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On December 17, 2013, Plaintiff commenced this action under 42 U.S.C. § 405(g) and § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises three issues on appeal: whether the Appeals Council erred in evaluating the new medical evidence submitted to it; whether the ALJ "erred by failing to assign determinative weight to the opinion of the physical therapist that performed a functional capacity evaluation" ("FCE"); and whether the ALJ erred in discrediting Plaintiff.[2] See Plaintiff's Initial Brief (Doc. No. 14; "Pl.'s Br."), filed June 12, 2014, at 1-2.[3] On August 11, 2014, Defendant responded by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 15; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned recommends that the

---

[2] The undersigned has rearranged the order in which Plaintiff presents the issues.

[3] Plaintiff's Brief is thirty pages long (not including the certificate of service). Plaintiff did not seek leave of Court to exceed the page limitation as required by the Court's Local Rules. Although the undersigned considers Plaintiff's Brief as-is on this occasion, Plaintiff's counsel should be aware that future violations of the Local Rules (in this case or any other) could subject filings to being stricken.

Commissioner's final decision be reversed and remanded for further administrative proceedings for the reasons stated herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ proceeded through step four, where he ended the sequential inquiry based upon his step four finding. See Tr. at 64-71.  At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since August 1, 2007, the alleged onset date." Tr. at 64 (emphasis and citations omitted).  At step two, the ALJ found Plaintiff "has the following severe impairments: status post right total knee arthoplasty, degenerative disc disease of the lumbar spine with radiculopathy, morbid obesity, and history of rheumatoid arthritis." Tr. at 64 (emphasis and citations omitted).  At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets

---

[4]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

-3-

or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 66 (emphasis and citations omitted).

The ALJ determined Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a limited range of light work, lifting and carrying 20 pounds occasionally and 10 pounds frequently, and sitting for six hours in an eight-hour workday; however, he would be limited to standing and/or walking for two hours in an eight-hour workday. He requires a sit/stand option of 30 minutes. He can occasionally climb, balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure [to] vibrations or work at unprotected heights.

Tr. at 67 (emphasis omitted). At step four, the ALJ found Plaintiff "is capable of performing past relevant work as a user support analyst." Tr. at 70. The ALJ therefore concluded that Plaintiff "has not been under a disability . . . from August 1, 2007, through the date of th[e D]ecision." Tr. at 71 (emphasis and citations omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported

by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As previously summarized, Plaintiff contends the Appeals Council erred in denying review; the ALJ erred in addressing the opinion of an unnamed physical therapist who performed the FCE[5]; and the ALJ erred in discrediting Plaintiff.  The undersigned first sets out the relevant facts and history, then addresses the arguments together because they are all related at least to a degree.

On January 24, 2012, a physical therapist performed a two-hour FCE on Plaintiff and issued a report.  Tr. at 576-78, 51-53 (duplicate).  According to the physical therapist,

> Functional testing revealed significant functional limitations to material and non-material activities, suggestive of limitations with his ability to safely perform components of the Sedentary Duty Physical Demand Level.  He may also be limited with ability to participate with sustained or frequent basis, due to poor tolerance to prolonged periods of sitting, standing, walking, the claims of intermittent lying down throughout the day totaling 4-5 hours, to assist with management of pain symptoms, and reported minimal 14 episodes a month of total incapacitating pain flare-ups.

Tr. at 576 (emphasis omitted).  The physical therapist also assigned a number of specific limitations, including the "Negligible" ability to carry five pounds occasionally but no more

---

[5] The evaluator's signature on the FCE form is not completely legible, and the undersigned cannot determine the person's title.  See Tr. at 576.  The parties agree, however, that the person is a physical therapist.  See Pl.'s Br. at 19; Def.'s Mem. at 4.

-5-

than that; the ability to push and pull ten force pounds occasionally and the "Negligible" ability to push and pull ten force pounds frequently but no more than that; the ability to reach on the right frequently and the left continuously; and the inability to bend, squat, kneel, crawl, twist, stoop, climb stairs, and climb ladders. Tr. at 577.

The ALJ in his Decision considered the FCE and assigned it "little weight," reasoning as follows:

> The testing was not provided by an acceptable medical source or treating source. Considered as an other opinion under SSR 06-3p, the opinion was reached based on an unreliable two-hour FCE, which is difficult to extrapolate to an 8-hour workday, and is not consistent with the remainder of the medical evidence[.]

Tr. at 68. The ALJ instead elected to rely on opinions of non-examining state agency physicians, and he also assigned "some weight" to the opinion of an examining physician, Cathy Whitley, M.D., in determining Plaintiff's RFC. Tr. at 67, 70. The ALJ discredited Plaintiff's subjective complaints of pain "to the extent they are inconsistent with the [RFC] assessment." Tr. at 69.

The ALJ also specifically considered whether Plaintiff meets Listing 1.03 (of the Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1), which addresses reconstructive surgery or surgical arthrodesis of a major weight-bearing joint resulting in the inability to effectively ambulate, or Listing 1.04 (also of the Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1), which addresses disorders of the spine resulting in a compromise of the nerve root or the spinal cord. Tr. at 66. The ALJ found Plaintiff "does not meet [L]isting 1.03 because he has the ability to ambulate effectively, and effective ambulation occurred following surgery." Tr. at 66. As to Listing 1.04, the ALJ found that "medical records do not indicate he suffers from" the

conditions required to meet that Listing. Tr. at 66. The ALJ further observed that "[n]o treating physician has credibly concluded that [Plaintiff] has an impairment severe enough to meet or medically equal a listing." Tr. at 67.

As previously mentioned, after the ALJ's Decision was issued, Plaintiff submitted additional evidence to the Appeals Council. The additional evidence includes some opinions authored by Plaintiff's treating physician, James Fetchero, M.D., on July 2, 2012. See Tr. at 47-50, 54-55. A summary of Dr. Fetchero's opinions follows.

Dr. Fetchero was presented with the FCE, and he indicated that he agreed with the findings in it. Tr. at 50; see Tr. at 51-53 (FCE faxed to Dr. Fetchero's office).

Dr. Fetchero was asked to opine whether Plaintiff meets the criteria set forth in Listing 1.03. Tr. at 47-48. As Dr. Fetchero was informed, see Tr. at 47, Listing 1.03 is met when a person has had "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively . . . , and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." Dr. Fetchero indicated that Plaintiff had had reconstructive surgery of the right knee in 2010 (with an initial surgery occurring in 1982). Tr. at 47. According to Dr. Fetchero, Plaintiff has surgical arthrodesis of the right knee; Plaintiff is not able to ambulate effectively; Plaintiff's ability to ambulate effectively will not return within 12 months of the onset date of disability; and Plaintiff needs a cane to assist in his ambulation. Tr. at 47-48.

Dr. Fetchero was also asked to opine whether Plaintiff meets the criteria set forth in Listing 1.04, but only one of two pages of the relevant form is included in the administrative transcript so much of his opinion relating to Listing 1.04 is not available for review. See Tr.

at 54. Listing 1.04 is met when a "[d]isorder[] of the spine . . . result[s] in compromise of a nerve root . . . or the spinal cord" with:

> A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> B.  Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> C.  Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively[.]

Of the limited portions of Dr. Fetchero's opinion on Listing 1.04 that are available in the administrative transcript, Dr. Fetchero stated that Plaintiff has sensory or reflex loss in the form of "absent patellar reflex on [right]." Tr. at 54. There is involvement of the lower back, but Plaintiff does not have a positive straight leg raising test both sitting and supine. Tr. at 54. Dr. Fetchero opined that even though all of the required findings for Listing 1.04 are not met, the combined impairments medically equal the severity of the required conditions. Tr. at 54. When asked to explain the basis of this opinion, however, Dr. Fetchero left that portion of the form blank. Tr. at 54.

The Appeals Council accepted this (and other) evidence and then declined review, stating as follows:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We considered whether the [ALJ]'s action, findings, or conclusion is contrary to the weight of evidence in the record.
>
> We found that this information does not provide a basis for changing the [ALJ]'s decision.
>
> We also looked at medical records from James Fetchero, M.D., dated July 2, 2012; and medical records from Kenneth Powell, D.O., dated October 27, 2012 to January 9, 2013. The [ALJ] decided your case through April 23, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before April 23, 2012.

Tr. at 2.

When the Appeals Council is presented with evidence that was not presented to the ALJ, the Appeals Council is required to consider the evidence if it is "new, material, and chronologically relevant[.]" Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.970(b)). Further, the Appeals Council "must review the case if 'the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" Id. (quoting 20 C.F.R. § 404.970(b)). In the event the Appeals Council considers new evidence but denies review, and a claimant then challenges the Appeals Council's denial, a reviewing court must determine whether the new evidence renders the denial of benefits erroneous. See Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784-85 (11th Cir. 2014) (citing Ingram, 496 F.3d at 1262); see also Levie v. Comm'r of Soc. Sec., 514 F. App'x 829, 832-33 (11th Cir. 2013) (citation omitted); Kalishek v. Comm'r of Soc. Sec., 470 F. App'x 868, 869 (11th Cir. 2012) (citation omitted); Coleman v. Comm'r of Soc. Sec., 454 F. App'x 751, 754 (11th Cir. 2011) (noting that "[t]he Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous") (citation omitted). In other words, to obtain a remand from a federal district

court under sentence four of 42 U.S.C. § 405(g), "[a] claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 902 (11th Cir. 2013) (citing Ingram, 496 F.3d at 1266-67); see also Mitchell, 771 F.3d at 785 (citations omitted) (finding that "[t]he additional evidence was either cumulative of evidence before the ALJ or was not chronologically relevant, and none of it undermined the substantial evidence supporting the ALJ's decision").

Upon review of the additional evidence submitted to the Appeals Council in light of the other evidence contained in the administrative transcript, the undersigned finds that the Appeals Council should have granted review and the ultimate denial of benefits is not supported by substantial evidence. Accordingly, as explained in detail below, remand is required for consideration of all of the evidence, including the evidence submitted to the Appeals Council.

The Appeals Council refused to grant review based upon Dr. Fetchero's opinions, reasoning that they are "about a later time" than the time period that was under consideration by the ALJ.[6] Tr. at 2. This is not accurate. As to the FCE, Dr. Fetchero had

---

[6] The undersigned recognizes that the Appeals Council is not required to articulate its reasons for denying review. See Mitchell, 771 F.3d at 785. The Appeals Council here chose to do so, which is of great assistance to the Court. Because the Appeals Council articulated its reasons, and because the parties address those reasons in their filings, it is appropriate to address them here. To be sure, if the doctor's opinions were not chronologically relevant, they would have little or no impact on the Court's consideration of whether the ultimate denial of benefits was erroneous.

In defending the Appeals Council's finding regarding the alleged lack of time relevancy of Dr. Fetchero's opinions, Defendant relies solely on the doctor's opinions regarding the Listings. Def.'s Mem. at 14-15. Regarding Listing 1.03, Defendant contrasts Dr. Fetchero's opinion that Plaintiff needs a cane with Plaintiff's testimony at the hearing that he uses a cane but did not bring it to the hearing. Id. at 15 (referring to Tr. at 91, 48). Plaintiff's testimony was not so limited: he testified that he has been using a cane since 2009; he did not bring the cane to the hearing because he "left it in Tennessee"; and "[i]t was hard getting from the waiting room to [the hearing room without it]." Tr. at 91-92. Further, there are numerous instances in the administrative transcript pre-dating the ALJ's Decision where Plaintiff's use of a cane is documented. See, e.g., Tr. at 296, 366 (also appeared uncomfortable with ambulating and

(continued...)

-10-

the entire report available for review, see Tr. at 51-53, so he knew that the FCE was performed on January 24, 2012 (prior to the ALJ's Decision) when he indicated that he agreed with the findings contained in the report. As to Dr. Fetchero's opinion regarding Listing 1.03, Dr. Fetchero recognized on the form that the reconstructive surgery occurred in 2010. Tr. at 47. Given that the doctor was asked to opine on the effects of the surgery that occurred in 2010, his opinion clearly was not limited to the short two and one-half month period between the ALJ's Decision (April 23, 2012) and his opinion (July 2, 2012). As to Dr. Fetchero's opinion regarding Listing 1.04, it is not really possible to tell the time period to which it relates, given that much of it is missing from the administrative transcript.[7]

When Dr. Fetchero's opinions are considered along with the other evidence in the administrative transcript, the result is that the ALJ's findings are not supported by substantial evidence. As to the FCE, the ALJ rejected it because it was not done by an acceptable medical source and was supposedly "inconsistent" with the rest of the medical evidence. Tr. at 68. Dr. Fetchero, however, agrees with the findings contained in the FCE, and absent good cause to the contrary, his opinions are entitled to great weight. See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips, 357 F.3d at 1240-41

---

[6](...continued)
getting on and off the exam table), 441. Thus, to the extent Defendant relies on Plaintiff's testimony regarding his use of a cane to defend the Appeals Council's finding that Dr. Fetchero's Listing 1.03 opinion is not time relevant, this reliance is misplaced. Regarding Listing 1.04, Defendant simply says that the opinion "does not refer back to any date during the relevant period," Def.'s Mem. at 15, without recognizing that much of the opinion is missing from the administrative transcript. In any event, Defendant does not seriously defend the Appeals Council's time-relevance finding. See id. (stating "[e]ven if the Appeals Council should have further considered the opinion . . . the opinion was not material and not likely to change the ALJ's decision," and "any error in not considering the opinion based on chronological relevance is at most harmless error").

[7]     The undersigned notes that although much of the opinion is missing, Plaintiff's memorandum to the Appeals Council (included in the administrative transcript) does summarize the opinion to a degree without referencing the time period to which the opinion relates. See Tr. at 289.

(stating good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's own medical records). Further support for the findings in the FCE can be found through the opinion of Dr. Whitley, the examining physician, who opined Plaintiff has "[m]arked limitation for activities requiring mild or greater exertion." Tr. at 367.[8] As to whether Plaintiff meets the listings, the ALJ's observation that no treating source has opined that he does is obviously undermined by Dr. Fetchero's later opinions. Compare Tr. at 67 (ALJ's observation), with Tr. at 47-48, 54 (Dr. Fetchero's opinions). Again, these opinions are entitled to great weight absent good cause to the contrary.[9]

For all of the foregoing reasons, reversal and remand is required for further consideration of Plaintiff's claims in light of the additional evidence submitted to the Appeals Council. Additionally, since the ALJ discredited Plaintiff to the extent his testimony differed from the assigned RFC, and that finding too must be revisited on remand in light of the additional evidence, there is no need for the Court to substantively address the ALJ's reasons for discrediting Plaintiff.

## V. Conclusion

After a thorough review of the entire record, it is

**RECOMMENDED:**

---

[8] The ALJ assigned only "some weight" to Dr. Whitley's opinion based on its supposed inconsistency with the other evidence of record. Tr. at 67. The ALJ did not elaborate on this supposed inconsistency. Tr. at 67.

[9] Defendant takes issue with Dr. Fetchero's opinion as to Listing 1.03, arguing that even if it is accepted that Plaintiff uses a cane, the use of a cane does not, in and of itself, meet the definition of inability to effectively ambulate that is set forth in the Listings. See Def.'s Mem. at 15. Dr. Fetchero's opinions are not limited to Listing 1.03; consequently, even accepting this argument would not affect the undersigned's finding that the ultimate denial of benefits was not based upon substantial evidence in the record. This argument is best considered on remand by the ALJ.

-12-

    1.    That the Clerk of Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

        (A)    Reevaluate the evidence of record, including the evidence submitted to the Appeals Council; and

        (B)    Take such other action as may be necessary to resolve these claims properly.

    2.    That the Clerk be further directed to close the file.

    3.    That the Court include in an Order disposing of this appeal a direction that if benefits are awarded on remand and Plaintiff's counsel deems it appropriate to move for § 406(b) fees, such an application should be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 4, 2015.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of record