**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MICHAEL ALEXANDER,

Plaintiff,

-vs- Case No. 3:13-cv-1546-J-34JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.
______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 16; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on January 5, 2015. In the Report, Magistrate Judge Klindt recommends that the Clerk of the Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), reversing the Commissioner's final decision and remanding this case with instructions. See Report at 13. The Commissioner has failed to file objections to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994);

United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 16) is **ADOPTED** as the opinion of the Court.

2. The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter to the ALJ with instructions: to reevaluate the evidence of record, including the evidence submitted to the Appeals Council; and to take such other action as may be necessary to resolve these claims properly.

3. The Clerk of the Court is further directed to close the file.

4. If benefits are awarded on remand and Plaintiff's counsel deems it appropriate to move for § 406(b) fees, such an application should be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of January, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Hon. James R. Klindt

Counsel of Record